MARCIA P. ELLSWORTH
PETERSON RUSSELL KELLY PLLC
10900 N.E. 4TH St., Suite 1850
Bellevue, WA 98004
Telephone (425) 462-4700
Fax: (425) 451-0714

The Honorable Timothy Dore
Chapter 7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>JAE HO SO,<br><br>              Debtors.<br><br>BOO SONG JANG AND KOO WHON LEE, husband and wife<br><br>              Plaintiffs,<br><br>v.<br><br>JAE HO SO,<br><br>              Defendant. | Chapter 7 No. 12-13673 TWD<br><br>ADV. NO.<br><br>COMPLAINT FOR DENIAL OF DISCHARGEABILITY OF DEBT |

The Plaintiffs, Boo Song Jang and Koo Whon Lee ("Jang and Lee"), by and through their counsel, Marcia P. Ellsworth, and Peterson Russell Kelly, PLLC, alleges and complains as follows:

I. PARTIES AND JURISDICTION

1.1 Plaintiffs Jang and Lee are creditors herein and have done business with debtor in Washington and are entitled to bring this action. At the present time Jang is a resident of King County Washington and Lee is a resident of Korea.

COMPLAINT FOR DENIAL OF
DISCHARGEABILITY OF DEBT - 1
920737

PETERSON RUSSELL KELLY PLLC
1850 Skyline Tower - 10900 N. E. Fourth Street
Bellevue, Washington 98004-8341
Telephone (425) 462-4700  FAX (425) 451-0714

106053 102 da125r05dc
Case 13-01030-TWD    Doc 1    Filed 01/13/13    Ent. 01/13/13 21:10:22    Pg. 1 of 9

1.2     Defendant Jae Ho So ("So") is a resident of King County, State of Washington, at the time of filing bankruptcy and is an attorney licensed to practice law in the state of Washington. So practices law at Seattle Law Group. PLLC with its office located in Federal Way Washington.

1.3     Jurisdiction is vested in this proceeding pursuant to 28 U.S.C. § 1334, and 11 U.S.C. § 523 and is a core matter under Section 157(b).

1.4     Pursuant to 28 USC 1409 (a) venue is proper in the US Bankruptcy Court for the Western District of Washington.

## II.     FACTS

2.1     On April 10, 2012 Defendant So filed in this Court a voluntary petition under chapter 7 of the Bankruptcy Code under Case No. 12-13673. Michael B. McCarty was appointed to serve as chapter 7 trustee.

2.2     In 2008 Jang and Lee, Korean citizens and residents, were interested in obtaining a Visa for Mrs. Jang to immigrate to the United States for the purpose of moving to the Seattle area so their two children could receive their secondary education in the United States. In 2008 Jang and Lee engaged So and his law firm, the Seattle Law Group, to provide legal services in connection with their immigration matters. Mr. So recommended to Jang and Lee that they invest $400,000 in a business enterprise in order to qualify for an E2 Visa to enter and live in the United States. Mrs. Jang has limited English speaking and reading ability, and thus having an attorney who could speak Korean was very beneficial to Jang and Lee. They believed that they could trust Mr. So as he was a licensed Washington attorney and they relied on his advice.

2.3     In or about May 2008 Jang and Lee followed So's advice and paid $400,000 to So for the purpose of investing in an American business so that Jang and Lee could qualify for an E2 Visa.

COMPLAINT FOR DENIAL OF
DISCHARGEABILITY OF DEBT - 2
920737

P<span>ETERSON</span> R<span>USSELL</span> K<span>ELLY</span>  PLLC
1850 Skyline Tower - 10900 N. E. Fourth Street
Bellevue, Washington  98004-8341
Telephone (425) 462-4700  FAX (425) 451-0714

106053 102 da125r05dc
Case 13-01030-TWD    Doc 1    Filed 01/13/13    Ent. 01/13/13 21:10:22    Pg. 2 of 9

Jang and Lee placed high value on the quality of an American education for their children and as such were willing to invest this large amount of money to qualify for a Visa.

2.3     The $400,000 was paid by Jang and Lee in May 2008 via two separate wire transfers of $200,000 each to the Seattle Law Group and So to provide funds for the E2 Visa investment.

2.4     In connection with the wire transfers or shortly thereafter So signed a promissory note in the amount of $400,000 in favor of Mr. Lee without interest, security for repayment, default provisions or a payment schedule. So did not recommend that Plaintiffs obtain independent legal advice before entering into this transaction.  No payment has been made on this note, and it is due in full in August 2013.  Upon information and belief So transferred the $400,000 out of his attorney IOLTA account by check in May 2008 shortly after the funds were wired in.  It is unknown at this time where the funds were transferred.

2.5     On or about June 10, 2008, So, acting as the attorney for Jang and Lee, formed a new corporation, Jang Koo, Inc., for the apparent purpose of operating a new business venture. Mrs. Jang was the sole shareholder of this new corporation. The address for this new corporation as stated on Mrs. Jang's application for her E2 Visa was listed as 33120 Pacific Highway South #4 in Federal Way, Washington, which is a food service business named "Island" located in Federal Way, Washington. It is not clear what if any interest Jang and Lee had or still have in this business. Upon information and belief this business was a Japanese Sushi Restaurant and may have been previously or concurrently owned by one of So's other clients.

2.6     Jang and Lee never received any corporate documents, business records or tax returns for this "Island" business in Federal Way. The 2008 application of Jang's Visa (completed by So) indicated that she had made an investment in the amount of $400,000 in this business, and she

COMPLAINT FOR DENIAL OF
DISCHARGEABILITY OF DEBT - 3
920737

PETERSON RUSSELL KELLY PLLC
1850 Skyline Tower - 10900 N. E. Fourth Street
Bellevue, Washington 98004-8341
Telephone (425) 462-4700  FAX (425) 451-0714

106053 102 da125r05dc
Case 13-01030-TWD    Doc 1    Filed 01/13/13    Ent. 01/13/13 21:10:22    Pg. 3 of 9

received an annual income from the operation of this business.

2.7 On or about August 15, 2008 So acting as the attorney for Jang and Lee, individually, and for the corporation, Jang Koo, Inc., prepared and filed Articles of Merger between JN Investments. Inc and Jang Koo, Inc. both Washington corporations. JN Investments was the surviving corporation with Jang now listed as the sole shareholder. According to the stock ledger of JM Investment Group at the time of the merger of JN Investment Group and Jang Koo, Inc., either So or one of his family members was the sole shareholder of JN Investment Group prior to the merger.

2.8 According to the Articles of Merger, $400,000 was paid to So or one of his family members as consideration for the "merger." This fact was not disclosed to Jang and Lee, nor did So recommend that Plaintiffs obtain independent legal advice before entering into this transaction. Upon information and belief JN Investment Group owned and operated the Lakewood Palace Restaurant at the time.

2.9 Upon completion of the merger Mr. So and his office manager, Min Chan Na, continued to exclusively operate, manage and maintain control of the Lakewood Palace Restaurant to the exclusion of Jang and Lee. Upon information and belief both So and Na were exclusively managing and operating the of the Lakewood Palace Restaurant prior to the merger, however this fact was not disclosed to Jang and Lee.

2.10 Despite their investment of $400,000 in JN Investments and the Lakewood Palace Restaurant Jang and Lee never received any contract documents, financial records or business records of JN Investment Group or Jang Koo, Inc. The corporation, Jang Koo, Inc., expired on June 30, 2011. Interestingly, in January 2010, unbeknownst to Jang and Lee, So formed another corporation, named "Jang Ku, Inc." in which he was the sole shareholder. It is not known for what purpose this

COMPLAINT FOR DENIAL OF
DISCHARGEABILITY OF DEBT - 4
920737

PETERSON RUSSELL KELLY PLLC
1850 Skyline Tower - 10900 N. E. Fourth Street
Bellevue, Washington 98004-8341
Telephone (425) 462-4700  FAX (425) 451-0714

106053 102 da125r05dc

Case 13-01030-TWD    Doc 1    Filed 01/13/13    Ent. 01/13/13 21:10:22    Pg. 4 of 9

corporation was formed, but its formation was not disclosed to Jang and Lee.

2.11 At all times material hereto Jang and Lee relied on the representation made by their attorney, and they were justified in doing so under the circumstances. Jang and Lee have sustained and continue to sustain significant financial losses caused by So's false and misleading statements and failures to disclose material facts.

2.12 After So filed his bankruptcy petition, Jang and Lee learned for the first time and after the fact that So and Na were having significant difficulties operating the Lakewood Palace Restaurant. They learned that the restaurant had been closed by the Pierce County Health Department, that there were several claims by employees that wages were not properly paid, that there was a lawsuit pending against JN Investment Group, by two former employees for failure to properly pay wages, that state tax warrants had been issued against JN Investment Group for failure to properly pay taxes when due. None of this information was timely provided to Jang and Lee by So, and it was only discovered by them after then fact when they hired independent counsel following So's bankruptcy filing. So and Na's failure to adequately manage the restaurant have also caused financial harm to Jang and Lee.

2.13 So and Min Chan Na operated two other Palace Restaurants, through their wholly owned corporation, Sona, Inc. These Palace Restaurants are located in Federal Way and Bellevue, Washington. Although these two restaurants have no common legal ownership with the Lakewood Palace Restaurant owned by JN Investments, upon information and belief, funds and expenses from all three Palace Restaurants were comingled with the others without the notice to or consent of JN Investment or Jang and Lee.

2.14 At all times material hereto So continued to act as the attorney for Jang and Lee, the

COMPLAINT FOR DENIAL OF
DISCHARGEABILITY OF DEBT - 5
920737

PETERSON RUSSELL KELLY PLLC
1850 Skyline Tower - 10900 N. E. Fourth Street
Bellevue, Washington 98004-8341
Telephone (425) 462-4700 FAX (425) 451-0714

106053 102 da125r05dc

Case 13-01030-TWD    Doc 1    Filed 01/13/13    Ent. 01/13/13 21:10:22    Pg. 5 of 9

attorney for JN Investment Group, the attorney for Jang Koo, Inc.. and the operator of the Palace Restaurants without disclosing a myriad of material facts to purposely create a confusing and misleading understanding of the true facts, which wrongfully induced Jang and Lee to invest substantial amounts of money with So and caused them to sustain significant financial damages.

2.15 So's financial interests in these transactions materially limited his representation of Jang and Lee and caused or contributed to his failure to disclose the associated risks to Jang and Lee.

2.16 Until the filing of the bankruptcy petition Jang and Lee never received any accounting or financial information regarding JN Investment Group. Tax returns were prepared and filed late, and at no time did Jang and Lee receive any contemporaneous business records regarding the businesses activities. Jang and Lee have received no income or other profits from the business. Upon information and belief So and Na have wrongfully misappropriate funds from the Lakewood Palace Restaurant for their own personal use without the information knowledge or consent of Jang and Lee.

2.17 Due to the fraudulent, wrongful, willful and malicious actions of Defendant in transferring funds belonging to Jang and Lee from one business entity to another entity, misrepresenting their business and personal financial condition at the time of Defendant's restructuring of debt to Jang and Lee in 2007, and failing to account for the proceeds from the disposition of the assets, Plaintiffs have been harmed in an amount to be proven at trial.

### III CAUSES OF ACTION

3.1 Under §523(a)(6), the Defendant should not be discharged with respect to Jang and Lee's claim as Defendant willfully and maliciously caused injury to Jang and Lee. Jang and Lee are entitled to judgment in an amount to be proven at trial, plus interest and Jang and Lee's attorney's fees and costs incurred herein.

COMPLAINT FOR DENIAL OF
DISCHARGEABILITY OF DEBT - 6
920737

PETERSON RUSSELL KELLY PLLC
1850 Skyline Tower - 10900 N. E. Fourth Street
Bellevue, Washington 98004-8341
Telephone (425) 462-4700 FAX (425) 451-0714

106053 102 da125r05dc
Case 13-01030-TWD    Doc 1    Filed 01/13/13    Ent. 01/13/13 21:10:22    Pg. 6 of 9

3.2     Under §523(a)(2)(A) and (B), the Defendant should not be discharged with respect to Jang and Lee's claim as Defendant used false pretenses, false representations, and/or actual fraud to obtain property and money from Jang and Lee. Further Defendant intentionally made a series of representations and statements to Jang and Lee that were materially false on which Jang and Lee reasonably relied. Jang and Lee are entitled to judgment in an amount to be proven at trial, plus interest and plaintiff's attorney's fees and costs incurred herein.

3.3     Under §523(a)(4) the Defendant should not be discharged with respect to Jang and Lee's claim as Defendant took possession of funds belonging to Jang and Lee and appropriated such funds for uses other than for which they were intended..

3.4     Under §523(a)(4) the Defendant should not be discharged with respect to Jang and Lee's claim as Defendant, as the attorney for Jang and Lee, had a relationship of special trust and confidence with thme which required him to undertake the duties of a fiduciary and act with the utmost fairness and good faith in dealing with them in all aspects of all matters.

3.5     So committed fraud and defalcation in his fiduciary capacity by obtaining funds from Jang and Lee by false pretenses and deception, inducing Jang and Lee to make a substantial loan to him and his law firm by making representations of material facts and failing to disclose material facts. So committed embezzlement and conversion of the Jang and Lee Funds by appropriating them for a use other than for which they were advanced.

3.6     So violated his professional duties as an attorney by entering into business transactions with his clients which provided personal advantages through undue influence without giving the clients all of the information and advice as would be given by a disinterested attorney. So failed to fully disclose his conflicts of interest or inform Jang and Lee that they should consult with independent counsel regarding the transactions. So failed to obtain informed consent in writing from Jang and Lee regarding the essential terms of the transactions and his role in the transactions.

COMPLAINT FOR DENIAL OF
DISCHARGEABILITY OF DEBT - 7
920737

PETERSON RUSSELL KELLY PLLC
1850 Skyline Tower - 10900 N. E. Fourth Street
Bellevue, Washington 98004-8341
Telephone (425) 462-4700  FAX (425) 451-0714

106053 102 da125r05dc

Case 13-01030-TWD    Doc 1    Filed 01/13/13    Ent. 01/13/13 21:10:22    Pg. 7 of 9

3.7    The $400,000 loan was made with terms that were unfavorable to Jang and Lee (without interest or security for repayment or an attorney's fees provision for default) and were not as beneficial to the clients as they would have been had the clients dealt with a third party.

3.8    So breach his fiduciary duties and personally benefitted from the transactions to the detriment of Jang and Lee.

3.9    Under §727(a)(3), the Defendant should not receive a chapter 7 discharge because Defendant has concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information, including a general ledger and personal financial statements, from which the debtor's financial condition or business transactions might be ascertained.

3.10    Further, So had a pattern and practice of comingling funds and expenses among and between the Palace Restaurant entities which did not have common ownership.  So has reimbursed substantial amounts of cash to himself from JN Investment Group without the authority to do so.  He has failed to keep and produce appropriate business records which would properly account for these transactions.

WHEREFORE, Plaintiffs pray for judgment as follows:

1.    That the Court enter a judgment denying the discharge of the Defendant pursuant to 11 U.S.C. § 727(a)(3), or alternatively,

2.    That this debt owed to Jang and Lee be determined to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(2), § 523(a)(4), and/or § 523(a)(6),

3.    That judgment be entered against the Defendant in the amount as shall be proven at trial;

*//*

*//*

*//*

COMPLAINT FOR DENIAL OF
DISCHARGEABILITY OF DEBT - 8
920737

PETERSON RUSSELL KELLY PLLC
1850 Skyline Tower - 10900 N. E. Fourth Street
Bellevue, Washington  98004-8341
Telephone (425) 462-4700  FAX (425) 451-0714

106053 102 da125r05dc

Case 13-01030-TWD    Doc 1    Filed 01/13/13    Ent. 01/13/13 21:10:22    Pg. 8 of 9

4. For costs incurred;

5. For reasonable attorney's fees; and

6. For such other and further relief as the court may deem just and equitable.

DATED this 12th day of January, 2013.

                                              PETERSON RUSSELL KELLY PLLC

                                              By   /s/Marcia P. Ellsworth
                                                    Marcia P Ellsworth, WSBA #14334
                                                    Attorneys for Boo Song Jang and Koo Whan Lee.

COMPLAINT FOR DENIAL OF
DISCHARGEABILITY OF DEBT - 9
920737

106053 102 da125r05dc

PETERSON RUSSELL KELLY PLLC
1850 Skyline Tower - 10900 N. E. Fourth Street
Bellevue, Washington 98004-8341
Telephone (425) 462-4700 FAX (425) 451-0714

Case 13-01030-TWD   Doc 1   Filed 01/13/13   Ent. 01/13/13 21:10:22   Pg. 9 of 9